UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Burk N. ASHFORD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Eugene WOO, AKA Eugene WU, and JEAN SHIOMOTO, EXECUTIVE DIRECTOR OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES (DMV) AND DOES 1-20,<br><br>　　　　　　　　　　　Defendant. | Case No.: 17-cv-1742-GPC-NLS<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DISMISSING SUA SPONTE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On August 28, 2017 plaintiff Burk N. Ashford, proceeding *pro se*, commenced this action against Defendants Eugene Woo and Jean Shiomoto, Executive Director of California Department of Motor Vehicles. (Dkt. No. 1.) For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP, but sua sponte **DISMISSES** his suit for lack of federal jurisdiction.

### I.　Motion to Proceed *In Forma Pauperis*

Every party instituting a civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

1

prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176,1177 (9th Cir. 1999). The court may authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. 28 U.S.C. § 1915(a). Such affidavit must include a complete statement of the plaintiff's assets. *Id*. However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here plaintiff moves to proceed IFP under 28 U.S.C. § 1915(a). Plaintiff has submitted an affidavit in support of his IFP motion indicating that he is unemployed, has $0 in a bank account, and owns no real or personal property. (Dkt No. 2-1.) Plaintiff is currently incarcerated in San Luis Obispo, CA as a prisoner of the State of California. Accordingly, the Court finds that plaintiff meets the § 1915(a) requirements and **GRANTS** plaintiff's motion to proceed IFP.

## II. Sua Sponte Dismissal for Lack of Jurisdiction

It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94-95 (1998). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).

Federal courts are courts of limited jurisdiction. Unlike state courts, they have no "inherent" or "general" subject matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e. those involving

diversity of citizenship, a federal question, or to which the United States is a party. *See Finley v. United States*, 490 U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Plaintiff appears to be asserting a state law tort claim of "replevin by detinue" against Defendant. Based on the facts alleged in the Complaint, Defendant Eugene Woo appears to be a California citizen and Plaintiff also appears to be a California citizen. Thus, Plaintiff has not adequately pled facts to indicate that there is diversity jurisdiction as to his tort claim.

Further, Plaintiff has not adequately pled facts to indicate federal question jurisdiction. Plaintiff argues that he was denied due process under the Fourteenth Amendment when the Superior Court of California denied him access to forms to file for relief in this case. (Dkt. No. 1 at 1.) However, Plaintiff has not sued the Superior Court of California and instead sues Defendant Woo and the DMV who are entirely unrelated to any potential denial of process. As such, the Court finds that the Complaint does not allege a colorable Section 1983 claim sufficient to invoke federal question jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal question jurisdiction . . . may be dismissed for want of subject matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"). Moreover, Ashford has not pled federal question jurisdiction in his "Statement of Jurisdiction" stating only that "[t]he Case is based upon a TORT act of the defendant upon the Plaintiff that was executed and committed in the City of Escondido, California. Therefore venue is proper." (Dkt. No. 1.)

Plaintiff does not state a sufficient basis for federal subject matter jurisdiction over his case. Accordingly, the Court sua sponte **DISMISSES** the complaint for lack of

subject matter jurisdiction. Further, the Court **DISMISSES** as moot Defendant's Motion to Dismiss for Lack of Jurisdiction. (Dkt. No. 3.)

**IT IS SO ORDERED.**

Dated: September 13, 2017

Hon. Gonzalo P. Curiel
United States District Judge